```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
JUANA TORRES GONZALEZ,                        :
                              Plaintiff,      :       20 Civ. 2793 (LGS)
                                              :
            -against-                         :       ORDER
                                              :
APACHE INDUSTRIES LLC, ET AL.,                :
                              Defendants.     :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, Defendants filed a Notice of Removal on April 3, 2020 (Dkt. 2);

    WHEREAS, the Notice of Removal failed to contain any process, pleadings, and orders from the state action;

    WHEREAS, the Notice of Removal failed to allege the citizenships of the limited liability company members of Defendant Apache Industries LLC, both at the time of the commencement of the action, and at the time of the Notice of Removal;

    WHEREAS, a District Court may *sua sponte* remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006);

    WHEREAS, pursuant to 28 U.S.C. § 1446(a), notice of removal must "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "This requirement is not a mere formality; rather, it allows federal courts to examine the underlying allegations so that it may determine, among other things, whether the removal is appropriate." *Roberts v. Williams*, No. 07 CIV. 4834 DAB, 2007 WL 2020095, at *2 (S.D.N.Y. July 11, 2007);

    WHEREAS, a Notice of Removal should allege the citizenship of the parties both at the

time of the commencement of the action, and at the time of the Notice of Removal. "The general rule is when, as in this case, diversity is the sole basis for asserting removal jurisdiction, diversity must exist both at the time the original action is filed in state court and at the time removal is sought to federal court." *Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 Fed. Appx. 489, 491 (2d Cir. 2003); *see also United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

WHEREAS, a limited liability company generally takes the citizenship of each of its members for the purposes of diversity jurisdiction. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012). It is hereby

**ORDERED** that the matter is summarily remanded to state court. Defendants' Notice of Removal is procedurally defective. Pursuant to section 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Opinion and Order to the Supreme Court of the State of New York, Bronx County. The Clerk of Court is further directed to close the case.

Dated: April 10, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE